LOTTINGER, Judge.
This is a tort action wherein the plaintiff seeks to recover property damages sustained by him as the result of an accident which took place when his Pontiac automobile collided with a truck and trailer driven by one Raymond E. Willits and insured by defendant. The petition sets forth that on January 26, 1958 at approximately 6:30 a. m. petitioner was being driven by his wife in their automobile in a northerly direction on Water Street in the town of Madison-ville and that, as they approached the intersection of Water Street and U. S. Highway No. 190, his wife stopped, looked both ways, and as she was in the process of turning to her right onto U. S. Highway No. 190 the truck insured by defendant came out of the fog and the car was struck. It is alleged that it was quite foggy with visibility limited to 25 to 35 feet and that, while the truck was turned to the left, the trailer nevertheless hit the Pontiac automobile on its left front side. Negligence is charged against the truck driver in driving too fast, failing to keep a proper look-out, failing to have the truck under control and in failing to see the automobile in time to stop. The doctrine of last clear chance is pleaded in the alternative.
The defendant first filed exceptions of no right or cause of action which were argued and ordered referred to the merits. An answer was then filed which denied negligence on the part of the truck driver, setting forth that he was traveling in a lawful man *583 ner in an easterly direction on U. S. Highway No. 190 and that the cause of the accident was the failure of plaintiff’s wife to stop at the intersection and her failure to see the truck and to honor the right of way which was accorded it. The answer further sets forth that the plaintiff’s wife was on a community mission accompanied by her husband. Alternatively, contributory negligence is pleaded as a defense.
The Lower Court rendered judgment in favor of the plaintiff in the amount of $580 and the defendant has appealed. The plaintiff has answered the appeal praying that the judgment be increased to the sum of $698.
The following facts are uncontroverted: U. S. Highway No. 190 runs in an easterly-westerly direction in the town of Madison-ville and crosses both Water Street and the Tchefuncta river. It is inclined as it nears the approach of the bridge across the river. Water Street runs in a northerly-southerly direction parallel to and at a distance of about 25 feet west of the Tchefuncta river. There is an incline, due to the bridge, as Water Street approaches U. S. Highway 190. The latter is the favored or right of way street and there is a stop sign on Water Street near the intersection. The plaintiff was the tender of the aforementioned bridge. He did not remain on the bridge at all times, but resided on Water Street a short distance from the bridge, and when the operators of water craft desired that the bridge be opened they would signal him by blowing their horns. On the morning of the accident plaintiff had received such a signal from a tug and his wife was driving him to the bridge when the accident occurred. The time of the accident was, as alleged, at about 6:30 a. m., and, while there is some question as to the exact limit of visibility, the weather was definitely foggy-
The plaintiff testified that as they approached the intersection of Water Street and U. S. Highway No. 190, his wife stopped. He looked in both directions and saw nothing coming. . The wife then proceeded to make a right turn onto the highway and as she did so the truck approached from the west. It went around the front end of the car but the trailer struck it. The collision occurred before the right turn had been completed. In spite of having alleged in his petition that visibility was restricted to 25 or 30 feet, the plaintiff testified that one could see 100 feet and when they saw the truck it was too late.
On cross examination the plaintiff testified that the stop sign on Water Street was about 20 feet from the center of U. S. Highway No. 190. The collision occurred when the full length of the automobile had gotten onto the highway headed in a northeast direction. After the collision the car went completely across U. S. Highway No. 190 coming to rest on the northeast corner of the intersection. He stated that he could not remember whether or not the windshield wipers were working, but that the windshield was clean and there was nothing to obstruct their view. He first testified that his lights were on but that those of the truck were not; however, he subsequently stated that he would not deny having given a statement to a Mr. King on February 10, 1958, wherein it was recited that the headlights of the truck and car were on and burning brightly. He stated that his car entered the intersection at a speed of one or two miles per hour and that after the accident the truck crossed the bridge and came to a stop on the other side. He stated that the truck driver said to him that he had been going 35 miles per hour. The speed limit he first fixed at 25 to 30 miles per hour which he later changed to 20 miles per hour. He stated that when the accident was imminent the truck driver pulled to his left and that he thought under the circumstances he did everything he could to avoid hitting the car.
The plaintiff’s wife testified on direct examination that the stop sign was about 20 feet from U. S. Highway No. 190. She stated that she stopped, at the sign, looked *584 in both directions and saw no approaching vehicles.
On cross examination this witness testified that she had turned on her windshield wipers when she started the car hut had turned them off before she got to the intersection and had rolled her windows down. She estimated her speed at about S miles per hour as she entered the intersection. This witness gave no testimony as to whether or not the truck had its lights on nor did she give any testimony with respect to its speed.
No witnesses were called by the defendant-.
The law is too well settled to require citation of authority to the effect that a driver entering an intersection is under a continuing duty to exercise care and caution to observe what could and should be seen and, particularly so, when entering a favored or right of way thoroughfare. Considering the above referred to testimony as a whole we do not believe that there is a preponderance of the evidence showing any reason why these parties could not and did not see the approaching truck. The plaintiff’s testimony was not definitely to the effect that the truck had no lights and his wife gave no testimony at all regarding this point. Nor do we believe that there is a preponderance of the evidence to the effect that the truck was traveling at such a rate as to have been a proximate cause of the accident. Considering the nature of the highway and the weather conditions at the time it was not unreasonable for the truck to continue on across the bridge and stop in a place of safety.
Assuming, however, for the sake of argument, that the truck driver was guilty of negligence, the plaintiff’s wife was nonetheless guilty of contributory negligence in entering the favored thoroughfare without having ascertained that the entry could be made in safety. The doctrine of last clear chance is not applicable for, as stated above, the plaintiff admitted that the truck driver did all he could to avoid the accident once he perceived the car had entered the highway suddenly in front of him.
For the reasons assigned the judgment appealed from is reversed and the plaintiff’s suit dismissed at his costs.
Reversed.